FARLEY *v.* STATE OF INDIANA.

[No. 29,803. Filed January 25, 1960. Rehearing denied February 26, 1960.]

320

*John D. Clouse* and *Carrol F. Dillon*, both of Evansville, for appellant.

*Edwin K. Steers*, Attorney General, *Owen S. Boling*, Assistant Attorney General, and *Harriette Bailey Conn*, Deputy Attorney General, for appellee.

ARTERBURN, C. J.—This is an appeal from a judgment of the Vanderburgh Circuit Court convicting the appellant of a crime in making a false statement namely, that he had "lost" the original certificate of title in an application for a duplicate certificate. The affidavit charging the offense was based upon the Acts of 1945, ch. 304, §16, p. 1308, being §47-2506, Burns' 1952 Replacement, which reads as follows:

"*False statement—Stolen cars—Forgery—Penalty.*—Any person who shall make, or cause to be made, any false statement, either in an application for certificate of title, or in any assignment thereof, or who, with intent to procure or pass title to a motor vehicle, semi-trailer or house car, which he knows or has reason to believe has been stolen, shall accept or transfer title or possession to the same, or who shall use, operate or occupy any motor

vehicle which he knows or has reason to believe has been stolen, shall be guilty of a felony. This provision shall supplement and be in addition to any other penalties prescribed by law for the theft or unauthorized taking or use of any such vehicle. Any person, who shall alter or forge any certificate of title issued by the department pursuant to the provisions of this act, or any assignment thereof, or who shall hold or use any such certificate or assignment, knowing the same to have been altered or forged, shall be guilty of a felony."

Appellant first attacks the statute on the ground that it is vague and indefinite because it does not name the person to whom the application must be made and does not provide for any presentation or delivery as an act constituting the offense. As to the first contention, we take judicial notice that the Bureau of Motor Vehicles under the statute is the governmental unit to which application for motor vehicle licenses is made. Acts of 1945, ch. 304, §11, p. 1308, being §47-2501, Burns' 1952 Replacement. As to the second contention that there is no act or delivery provided for the offense described in the statute, it is our position that the word "application" itself necessarily implies the act of presentation of the form or paper commonly called a form of application. In other words, a form of application cannot be or become "an application" until it is actually presented to the proper person. The word "application" as quoted in *Sparacino* v. *Ferona* (1956), 9 Ill. App. 2d 422, 133 N. E. 2d 753, 755, is as follows:

". . . 'Application' is defined, in Webster's New Collegiate Dictionary, Copyright, 1951, as 'an appeal or petition, esp. as written or presented.' 'Application' is defined, in Black's Law Dictionary, Third Edition, as 'a putting to, placing before, preferring a request or petition to or before a person.' 'Application' is defined, in

1 Bouv. Law Dict., Rawle's Third Revision, p. 214, as 'The act of making a request for something. It need not be in writing.' . . .''

We therefore hold that the act in question is sufficiently definite and certain to constitute a valid statement of an offense. 50 Am. Jur., Statutes, §410, p. 435; *Morris* v. *State* (1949), 227 Ind. 630, 88 N. E. 2d 328.

The point is next urged that there is no evidence that the "application" was ever presented to the proper official as an application for title and therefore the evidence is insufficient to sustain the conviction.

The evidence shows that the appellant had mortgaged his automobile and delivered the original certificate of title to the mortgagee; that thereafter he made out a form of application before a Notary Public and stated therein that the original certificate of title for his car had been "lost." The evidence then shows that he attempted to sell the car. The State introduced a photostatic copy of the form of application made for a "lost" certificate of title. It has stamp markings thereon showing certain dates and figures, including the words "title service," but very little, if anything, on the photostatic copy would indicate that it was presented to the Bureau of Motor Vehicles. There was no evidence introduced as to the source of this photostatic copy which the State presented or that any one ever presented it to the Bureau of Motor Vehicles. However, attached to the photostatic copy was a certificate of the Commissioner of the Bureau of Motor Vehicles and under the seal of that department. The certificate stated that the photostatic copy was a true and correct copy of an original instrument on file in that office. This certificate was made and authorized under the Acts of 1945, ch. 304, §8, p. 1308, being §47-2408, Burns' 1952 Replacement.

This certificate as an exhibit was first introduced in evidence with the photostatic copy by the State. Later, upon cross-examination, the appellant's attorney moved to strike out the certificate attached to the exhibit, which the court sustained.

The appellant now contends that there is no evidence to sustain the conviction, since there is nothing to show that the form of application for the certificate of title was ever filed or presented to the proper governmental unit.

It seems to us that the appellant in this case has objected to the introduction of evidence which he now says is necessary to make out a proper case on the part of the State. The certificate made pursuant to the statutes of this State showing that the original application was properly on file with the Bureau of Motor Vehicles was proper and competent evidence in this case. The appellant invited the court to exclude this evidence and commit error and now on appeal is urging that the State failed in that respect to present evidence and prove such facts. A party may not in the trial court and on appeal take inconsistent positions, urging in one place that evidence is not competent or material and in another place the contrary; nor may a party invite error and then rely thereon for reversal.

In *Spaulding* v. *Mott* (1906), 167 Ind. 58, 71, 76 N. E. 620, it is said:

"But even if the question of widening said highway was before the court below for determination, appellants cannot, after the evidence was excluded as not material, on their objection, complain on the ground that there was no evidence to sustain the jury's answer to said interrogatory. This is true, because it is well settled that one on whose objection competent evidence to

prove a fact is excluded cannot afterwards say that the fact was not proved."

Likewise in *Attica Bldg. & Loan Assn.* v. *Colvert* (1939), 216 Ind. 192, 215, 23 N. E. 2d 483, it is said:

"If the plaintiff had the burden of proving the fact and failed it is because competent evidence was excluded upon the objection of the appellant ■ and therefore it cannot complain of the failure. 2 I. L. E., Appeals, §499, p. 395; 5 C. J. S., Appeal & Error, §1506(a), p. 893; 3 Am. Jur., Appeal & Error, §879, p. 432.

In view of these authorities we hold that the appellant is estopped by his acts in the trial court to complain on appeal that the evidence is insufficient in the particular urged.

The judgment of the trial court is affirmed.

Bobbitt & Landis, JJ., concur.

Jackson, J., dissents.

Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 885.