**Larry B. MOORE, Appellant-Defendant,**

**v.**

**STATE of Indiana, Appellee-Plaintiff.**

**No. 3–1280A385.**

Court of Appeals of Indiana,
Fourth District.

Dec. 8, 1981.

---

2. T.R. 58

Robert L. DeLoney, Gary, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

On September 29, 1981, this Court handed down an opinion finding appellant's brief was not prepared so as to comply with our rules. 426 N.E.2d 86. Further, we took the trouble to spell out for appellant's counsel point by point the deficiencies in his brief, specifically directed his attention on each point to the rule he had violated, and quoted the rules verbatim. We recognized appellant's counsel had done a disservice to his client and this court, but expressed our concern for appellant's constitutional right to effective assistance of counsel. We said:

"However, in this instance we believe [rebriefing] a more expedient method to guarantee appellant's constitutional right to effective assistance of counsel than perhaps future post conviction remedies. Therefore we give appellant's counsel thirty days to rebrief this case in compliance with our rules."

We acknowledged in the opinion the procedure we spelled out was extraordinary.

In response to our indulgence, appellant did not file his amended brief within the thirty days specified in our opinion. Instead, he filed a pleading entitled "Verified Emergency Petition for Extension of Time Within Which to File his Amended Brief of Appellant," with the clerk of this court on October 29, 1981, the thirtieth day from our hand down date.

Thereafter, appellant's counsel attempted to file his appellant's amended brief on November 11, 1981, with the clerk of this court who properly did not file the same but noted it as being received only.[1] While we have great concern for appellant's constitutional right to effective assistance of counsel, we do not feel an obligation to write appellant's brief for him.[2] That was the duty and obligation of appellant's counsel once he assumed the burden of processing this appeal. Appellant's counsel, although given the extraordinary opportunity to file an amended brief for appellant failed to do so within the time provided in the opinion. Such failure is fatal.[3]

The motion of appellee, State of Indiana, to strike the amended brief of appellant and to affirm the judgment of the trial court is sustained. The brief is ordered stricken and the judgment of the trial court is affirmed.

YOUNG, J., concurs.

MILLER, P. J., concurs in result.

1. Ind.App.Proc., Rule 8.1 says:

"(C) Failure to File Briefs on Time. If the appellee's brief or the appellant's reply brief is not filed within the time limited, the clerk shall receive but not file the brief and refer the same to the court, noting the date and time of receipt."

2. Even appellant's amended brief fails to follow our briefing rules. As pointed out by appellee's Motion to Strike Amended Brief and to Affirm the Judgment of the Trial Court, appellant's amended brief is deficient in the following particulars:

"(a) The Amended Brief of Appellant has the wrong cause number on its cover [Ind.App. Proc., Rule 8.2(A)(3)(a)].

"(b) The Statement of the Case and the Statement of the Facts are not in the correct order in the brief [Ind.App.Proc., Rule 8.3(A)(4) and (5)].

"(c) The Statement of Case in the Amended Brief of Appellant does not contain a verbatim statement of the judgment [Ind.App. Proc., Rule 8.3(A)(4); Opinions, p. 7].

"(d) The Statement of the Case does not contain references to the record [Opinion, p. 6]."

3. The thirty day time limit specified in our opinion was mandatory and final. It ran out on October 29, 1981, at midnight. Even if Ind. App. Rule 12(D) could be said to apply because the court's opinion was mailed to counsel, the five day extension there provided only extended the time to midnight, November 3, 1981.