**Jimmie Lee SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1280S468.**

Supreme Court of Indiana.

Jan. 13, 1982.

J. Patrick Smith, LaPorte, John M. Lyons, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of murder, robbery and assisting a criminal. He was sentenced to terms of thirty (30), twenty (20), and five (5) years respectively. The sentences were to be served concurrently.

■ Appellant claims the evidence is insufficient to support the three convictions. This Court will not weigh the evidence or judge the credibility of witnesses. We will look solely to the evidence most favorable to the State. If there is sufficient evidence of probative value on each element of the offense, we will not disturb the verdict. *Sloan v. State*, (1980) Ind., 408 N.E.2d 1264.

Appellant claims he knew nothing about Benson's intention to rob a gas service station or that he intended to murder the attendant until the crimes had been committed.

■ The record reveals through the testimony of Lonnie Benson, appellant's coparticipant and one Debra Lowell an acquaintance of both the appellant and Benson, that appellant and Benson made their living by burglarizing houses. On the date of the murder and robbery, Benson and appellant intended to burglarize a house; however, they decided to rob a filling station rather than commit the burglary. The two had discussed such a robbery previous-

ly. After assemblying and test firing a gun, they proceeded to the gas station. When the attendant filled their tank, Benson followed him into the station. In the station Benson shot and fatally wounded the attendant. Approximately six hundred dollars ($600) was taken after the shooting.

Benson testified appellant was aware of the gun in the car and, in fact, reminded Benson to take the weapon when he followed the attendant into the station. He further testified appellant brought up the idea of robbing a gas station, gave essential parts of the gun to Benson for assembly, aided in changing license plates and in painting Benson's car the next day. When Benson informed appellant of the killing, appellant reasoned it best because the attendant would have been able to identify the pair.

Debra Lowell testified that she conversed with Benson and appellant who admitted the commission of the crimes. She testified that appellant told her he crouched down in the front seat of the car with a knife when a customer pulled into the gas station. He also stated to her the killing was all right because no one could make an identification. Appellant later telephoned Debra Lowell requesting she get a newspaper for him because he wanted a clipping about the robbery he and Benson had committed.

An accomplice is criminally liable for acts done by his confederate which were a natural and probable consequence of their common plan. *Proctor v. State*, (1979) Ind., 397 N.E.2d 980. The evidence recited above is sufficient to support the jury's finding that appellant actively participated in a planned robbery resulting in the shooting of the decedent.

Appellant claims the trial court erred in overruling his claim that new evidence had been discovered and was of such a nature as to require a new trial. The evidence was an affidavit made by Lonnie Benson stating, in essence, appellant was not a co-participant in the offenses.

■ The standards to be applied in considering a request for a new trial based on newly discovered evidence were stated in *Emerson v. State*, (1972) 259 Ind. 399, 287 N.E.2d 867 at 871–2:

"An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Cansler v. State*, (1972) [258] Ind. [450], 281 N.E.2d 881; *Tungate v. State*, (1958), 238 Ind. 48, 147 N.E.2d 232. In deciding whether a piece of evidence would produce a different result the presiding judge may properly consider the weight which a reasonable trier of fact would give it, and while so doing, may also evaluate its probable impact on a new trial in light of all the facts and circumstances shown at the original trial of the case."

■ The granting of a new trial on the ground of newly discovered evidence is within the discretionary ambit of the trial court. This Court will not disturb the ruling unless there is an abuse of the trial court's discretion. *Williams v. State*, (1979) Ind.App., 392 N.E.2d 817.

■ Applying the standards set forth above, we hold Benson's affidavit contradicting his testimony during trial does not rise to the level requiring a new trial. The affidavit is impeaching and, in light of other evidence at trial, would most probably not produce a different result.

■ Appellant claims the trial court erred by failing to set forth specific findings of fact or conclusions of law when denying the motion to correct errors. In support of this proposition he cites *Moore v. State*, (1980) Ind., 403 N.E.2d 335. In *Moore* this Court held that a trial judge in

ruling on a motion to correct errors has the duty to examine the evidence to ascertain whether or not there is evidence beyond a reasonable doubt to support the verdict of the jury. When the verdict is against the weight of the evidence and a new trial is required, the trial court is compelled by T.R. 59(I)(7) to make special findings of fact setting forth the supporting and opposing evidence to each issue upon which a new trial is granted. The trial court is not so required when overruling a motion to correct errors.

 Although the jury in the case at bar convicted the appellant of murder, robbery and assisting a criminal, the crime described in the statute I.C. 35–44–3–2, was obviously intended to cover the situation where a person did not actively participate in the crime itself, but after the commission of the crime aided the criminal. In the case at bar, the facts are clear that all acts committed by the appellant and his co-participant merged into the greater offenses of murder and robbery. Any assistance either one rendered to the other in the carrying out of their plan of robbery and murder merged as an included offense in the commission of those crimes. The test in determining whether a particular offense is a lesser included offense is that the lesser included offense must be such that it is impossible to commit a greater offense without having first committed the first offense. *Nye v. State*, (1971) 256 Ind. 219, 267 N.E.2d 842. It is error to convict a defendant of both the greater offense and an included offense stemming from the same acts. *See, Dembowski v. State*, (1968) 251 Ind. 250, 240 N.E.2d 815.

 In the case at bar, the appellant and his co-participant could not have carried out their common plan of robbery and the resulting murder without giving aid and assistance to each other in such accomplishment. The fact that following the accomplishment of the robbery and murder they attempted to conceal their crime by painting the automobile and changing the license plates was merely a continuation of their common scheme and plan, and under

the circumstance did not constitute a separate offense. We, therefore, hold the charge of assisting a criminal merged with the convictions of murder and robbery. The trial court, therefore, erred in assessing the five (5) year penalty for assisting a criminal. This case is remanded to the trial court with instructions to set aside the conviction of assisting a criminal.

The trial court is in all other respects affirmed.

All Justices concur.