**Larry "Moe" MOORE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–382A64.**

Court of Appeals of Indiana, Fourth District.

Feb. 22, 1983.
Rehearing Denied April 20, 1983.

Susan K. Carpenter, Public Defender, David Swinford, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Larry B. Moore (Moore) appeals his jury conviction on four counts of assisting a criminal under Ind.Code 35–44–3–2.[1]

We affirm.

## ISSUES

1. Did Moore invite error by tendering an instruction given by the trial court concerning the crime of assisting a criminal?

2. Is the evidence sufficient to sustain the convictions?

---

[1] IC 35–44–3–2 reads:

A person not standing in the relation of parent, child, or spouse to another person who has committed a crime or is a fugitive from justice who, with intent to hinder the apprehension or punishment of the other person, harbors, conceals, or otherwise assists the person commits assisting a criminal, a class A misdemeanor. However, the offense is:

## FACTS

In the early morning hours of December 14, 1978, Laron Mallette was driving a car through Gary with Leslie Perkins, Deborah Whitley and Delores Harris as passengers. Moore drove his car behind Mallette's blinking his lights as a signal to Mallette to stop. When he did so, Moore pulled his car alongside Mallette's. He got out of his car and a passenger, Moses Wilson, got out of Moore's. Mallette saw a shotgun on the front seat of Moore's car. Moore's car made a u-turn, but Mallette proceeded in his original direction. A couple of minutes later Moore's car again drove up behind Mallette and signaled him to stop.

When Mallette got out of his car again, Wilson fired three gunshots which hit Mallette. Wilson then fired shots into Mallette's car striking the passengers and killing Delores Harris. When Wilson returned to Moore's car, Moore drove away. Mallette managed to drive his car to a nearby inn where help was summoned. Mallette, Perkins and Whitley saw Moore's car drive up to the inn with Wilson still in the passenger seat holding the shotgun.

Moore was charged with one count of murder and three counts of attempted murder. At trial, Moore's attorney tendered and the court gave an instruction to the jury on the crime of assisting a criminal. Verdict forms for this crime were given to the jury. It found Moore guilty of four counts of assisting a criminal.

Moore filed an appeal. This court held Moore's appellate brief was insufficient and he was ordered to rebrief the case within thirty days. *Moore v. State,* (1981) Ind. App., 426 N.E.2d 86. When Moore failed to file a new brief within the requisite time, this court granted the State's motion to

---

(1) A class D felony if the person assisted has committed a class B, class C, or class D felony; and

(2) A class C felony if the person assisted has committed murder or a class A felony, or if the assistance was providing a deadly weapon.

dismiss and affirmed the conviction. *Moore v. State,* (1981) Ind.App., 428 N.E.2d 806. Moore's petition to file this belated appeal was granted on May 5, 1982.

## DISCUSSION AND DECISION

### I. Instruction on Assisting a Criminal

Moore argues his conviction must be reversed because it was for a crime with which he was never charged. He also claims assisting a criminal is not a lesser included offense of the crimes with which he was charged so the verdict was improper. The State argues assisting a criminal is a lesser included offense of murder or attempted murder and even if it is not, Moore invited any error in the verdict due to his tendering of the instruction on that crime. We agree with the State's second argument.

■ It is well settled in Indiana that a defendant may not invite error and then seek reversal based on that error. *Farley v. State,* (1960) 240 Ind. 318, 163 N.E.2d 885; *Matthews v. State,* (1958) 237 Ind. 677, 148 N.E.2d 334; *Sund v. State,* (1974) 162 Ind. App. 550, 320 N.E.2d 790.

In *Loza v. State,* (1975) 263 Ind. 124, 325 N.E.2d 173 (on transfer), the Indiana Supreme Court held:

Issue IV. Defendant next charges that the offense of aggravated assault and battery, in the instant case, was not a lesser included offense of assault and battery with intent to kill, because the elements of "great bodily harm" or "disfigurement" requisite to aggravated assault and battery were necessarily included in the charging affidavit. This issue is not reviewable in this appeal. Questions not properly raised in the trial proceedings are not reviewable on appeal. *James v. State* (1974), [261 Ind. 495], 307 N.E.2d 59; *Pinkerton v. State* (1972), 258 Ind. 610, 283 N.E.2d 376. The defendant not only did not object to the court's instruction on the lesser included offense, which included aggravated assault and battery, his tendered instruction, although refused for other reasons, included aggravated assault and battery as an offense included in the offense charged.

*Id.* at 131, 325 N.E.2d at 177, see, also, *Wise v. State,* (1980) Ind.App., 401 N.E.2d 65, *tr. den'd.* at 69, note 5.

■ Here, Moore tendered the instruction which produced the result of which he now complains. The error was invited by Moore. He cannot now validly claim his conviction on that charge was improper.

■ Further, assisting a criminal is a lesser included offense of murder and attempted murder. *Smith v. State,* (1982) Ind., 429 N.E.2d 956, 959.

### II. Sufficiency of Evidence

Our standard of review on sufficiency questions is well known. We will look at the evidence most favorable to the verdict. We will not reweigh evidence nor judge the credibility of witnesses. If there is sufficient probative evidence on each element of the crime, we will affirm. *Bray v. State,* 443 N.E.2d 310 (1982).

■ Moore argues there is insufficient evidence to sustain the convictions. Specifically, he argues the State failed to prove he intended to assist a criminal. We disagree.

■ Generally, the crime of assisting a criminal was "intended to cover the situation where a person did not actively participate in the crime itself, but after the commission of the crime aided the criminal." *Smith v. State,* (1982) Ind., 429 N.E.2d 956, 959. Also, intent can be inferred from all of the circumstances. *Best v. State,* (1981) Ind.App., 418 N.E.2d 316. Here, as outlined in the facts above, Moore drove the car which twice signaled Mallette to stop. A shotgun was on the front seat of Moore's car. While Moses Wilson was shooting the victims, Moore waited. Upon Wilson's return to the car, Moore drove away. Later the car Moore had been driving shortly before pulled into the inn with Wilson still in the passenger's seat. The jury could have inferred Moore assisted Wilson in leaving the scene of the crime and followed the victims to the inn. There was sufficient evidence to sustain the conviction.

Affirmed.

MILLER, J., concurs.

YOUNG, P.J., dissents with separate opinion.

YOUNG, Presiding Judge, dissenting.

I dissent.

Due process requires that a defendant be given notice of the crime or crimes with which he is charged so that he can prepare his defense. *Lewis v. State,* (1980) Ind. App., 413 N.E.2d 1069, 1071. "Conviction of an offense neither charged nor included within the criminal conduct alleged constitutes a denial of due process." *McFarland v. State,* (1979) Ind.App., 384 N.E.2d 1104, 1109. Furthermore, conviction of such an offense is fundamental error. *Garcia v. State,* (1982) Ind.App., 433 N.E.2d 1207, 1209. Defendant was charged with Murder and Attempted Murder, but not with Assisting a Criminal, the crime of which he was convicted. The majority affirms his conviction, however, on the grounds that: (1) Assisting a Criminal is a lesser included offense of Murder; and (2) the error was invited.

The majority cites *Smith v. State,* (1982) Ind., 429 N.E.2d 956, for the proposition that Assisting a Criminal is a lesser included offense of Murder. I believe they are reading *Smith* too broadly. In *Smith,* the Supreme Court held that under the facts of that case Assisting a Criminal merged into the greater offense of Murder. The court did not hold that Assisting a Criminal was a necessarily included offense of Murder. An "included offense" is an offense that "is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged." Ind.Code 35–41–1–2. An examination of the offenses of Murder and Assisting a Criminal reveals that proof of the two crimes requires vastly different elements to be established. *See* Ind.Code 35–42–1–1 and 35–44–3–2. Thus, Assisting a Criminal is not a necessarily included offense of Murder. Furthermore, the information did not allege facts sufficient to put Moore on notice of the crime for which he was convicted. Moore's conviction was therefore improper based on the charging instrument. The majority would nevertheless still affirm his conviction because the error was "invited."

Generally, I accept the doctrine of invited error. However, when the error is so fundamental that it denies the defendant due process, the invited error doctrine must give way to the fundamental error doctrine. I agree with Judge Shields that it is the trial judge who controls the trial. *Wise v. State,* (1980) Ind.App., 401 N.E.2d 65, 72 (Shields, J., dissenting). The trial judge is:

> charged with the responsibility of instructing the jury as to all matters of law necessary for the consideration of their verdict. This includes an instruction setting forth the offense with which the defendant is charged and its elements. If the trial court undertakes to extend the charge to include lesser included offenses which the evidence supports, it has, in my opinion, an absolute, non-delegable duty to do so correctly.

*Id.* (Shields, J., dissenting). Thus, the blame for giving the incorrect instruction should be placed upon the trial judge and not borne by the defendant.

For these reasons I would reverse the conviction.