I strongly disagree with the majority's reasoning in this case, which holds that venue is only proper in the county in which the application was filled out. I would hold that venue is proper in either the county in which the application was filled out, or in Montgomery County, where the application was received by the agency.
The language of the statute requires that the party make a "claim or application" for payment from the agency. Black's Law Dictionary (5th ed. 1979) defines an "application" as "A putting to, placing before, preferring a request or petition toor before a person." (Emphasis added.) This definition appears to encompass a presentation of the document to the individual or agency involved.
While I have found no Alabama cases dealing with this issue, I am persuaded by the approach taken in other states. In Farleyv. State, 240 Ind. 318, 163 N.E.2d 885 (1960), the defendant was convicted of making a false statement in an application for a certificate of title. On appeal, the defendant contended that the statute did not require any presentation or delivery of the application in order to complete the offense. The court said:
 "[I]t is our position that the word `application' itself necessarily implies the act of presentation of the form or paper commonly called a form of application. In other words, a form of application cannot be or become `an application' until it is actually presented to the proper person."
163 N.E.2d at 886.
The same result was reached in United States v. Bithoney,472 F.2d 16 (2d Cir. 1973), wherein the court stated, "To hold that the mere writing out of a false acknowledgment, which is immediately destroyed and never filed, presented or in any way used to obtain relief in any court or administrative agency seems to us to be a result that was never contemplated by the Congress when this statute was enacted." 472 F.2d at 22. Likewise, I am convinced that it was not intended, as petitioner asserts, that the alleged crime would be complete when the application was filled out. Rather, the crime charged is complete when the application is forwarded to MSAA for payment. Therefore, under the applicable venue statute, Code 1975, § 15-2-6, venue would have been proper either in Mobile County, where the crime was commenced, or in Montgomery County, where it was completed. See also, Travis v. United States,364 U.S. 631, 636, 81 S.Ct. 358, 361, 5 L.Ed.2d 340 (1961). The cases cited herein, relating to "applications," are more closely allied to the instant case than the falsifying business records or forgery cases relied upon by the majority.
The majority's holding produces an unjust result. A party who makes a false statement on a claim, but subsequently decides not to submit the claim or application and destroys it, would nonetheless have completed the crime of Medicaid fraud. I doubt the legislature intended this result. I am of the opinion that the crime is not complete until the claim or application is at least forwarded to the appropriate state agency.
MADDOX, J., concurs.