**Sharon Dawn WRIGHT, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–483A119.**

Court of Appeals of Indiana, Third District.

Nov. 28, 1983.

**734**

Stuart T. Bench, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

STATON, Judge.

Following a bench trial, Sharon Dawn Wright was convicted of prostitution, a class A misdemeanor.[1] Wright appeals, raising the following issues:

(1) Whether the record contains sufficient evidence that Wright fondled the genitals of another person in return for money to sustain her conviction; and

(2) Whether the trial court erred in failing to state the reasons for the sentence given to Wright.

Affirmed.

## I.

### Sufficiency of Evidence

When reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value on each element of the crime, we will not disturb the judgment. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 957.

The evidence most favorable to the judgment shows that, on October 8, 1981, Officer David Reynolds visited the Midwest Modeling Agency in Portage, Indiana. When Officer Reynolds entered the building, Wright told him that he could get an upper body massage for thirty dollars. After Officer Reynolds paid the $30.00 and signed a form stating that he was either not a police officer or not there to solely entrap a model into any illegal acts, he was led to a room where he undressed. When Wright

1. IC 1976, 35–45–4–2 (Burns Code Ed., 1983 Supp.) which provides:

"A person who knowingly or intentionally;
(1) Performs, or offers or agrees to perform, sexual intercourse or deviate sexual conduct; or

(2) Fondles, or offers or agrees to fondle, the genitals of another person; for money or other property commits prostitution, a class A misdemeanor."

joined him in the room, Officer Reynolds asked about a lower body massage. Wright told him that a lower body massage was available for an extra "tip" and Officer Reynolds gave her twenty-five dollars. Wright massaged Officer Reynolds's lower body, touching his penis and testicles and masturbated him.

■ Wright contends that the evidence is not sufficient to support her conviction, arguing that she did not receive any of the money paid in advance of the session and that the payment of the "tip" only enabled Officer Reynolds to choose her apparel. Therefore, she asserts, she did not fondle Officer Reynolds's genitals in return for money or other property. We disagree. Officer Reynolds testified that he gave Wright twenty-five dollars as a "tip" for a lower body massage. After receiving the money, Wright masturbated him. Wright attacks Officer Reynolds's credibility and argues that her testimony contradicted his. On appeal, this Court will neither judge credibility nor reweigh the evidence. *Smith, supra.* Officer Reynolds's testimony is sufficient to support Wright's conviction.

## II.

### Sentencing

Wright contends that the trial court erred in failing to list reasons for "aggravating" her sentence. She argues that the reasons were required because the pre-sentence report recommended that she be placed on unsupervised probation, but the trial court imposed a sixty day sentence with all but ten days suspended, imposed a fine of $1,000.00 with all but $200.00 suspended, and placed her on unsupervised probation for one year.

In addressing this contention, we first note our standard of review, as established by Ind.Rules of Procedure, Appellate Review of Sentences, Rule 2:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

Wright was convicted of a class A misdemeanor, which carries the following penalty:

"A person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one [1] year; in addition, he may be fined not more than five thousand dollars [$5,000]."

IC 1976, 35–50–3–2 (Burns Code Ed., 1979 Repl.). However, any part of that sentence may be suspended. IC 1976, 35–50–3–1 (Burns Code Ed., 1979 Repl.).

■ Sentencing is a decision within the trial court's discretion and will not be reversed absent a clear abuse of that discretion. *Hanic v. State* (1980), Ind.App., 406 N.E.2d 335. Wright's sentence is authorized by statute and not "manifestly unreasonable." The trial court is not bound by any sentencing recommendation contained in the pre-sentence report and is, therefore, not required to state its reasons for not following that recommendation.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.