Russel MEYER and Wesley Meyer, Individually, and Russel Meyer and Wesley Meyer, as Trustees under Declaration under Trust, Dated September 1, 1978, Defendants/Appellants,

v.

NORTHERN INDIANA BANK AND TRUST COMPANY, Valparaiso, Indiana, as Administrator for the Estate of Alfred Schrader, deceased, Plaintiff/Appellee.

No. 3–185–A–1.

Court of Appeals of Indiana, Third District.

March 26, 1986.

David M. Hamacher, co-counsel, Hamacher & Hamacher, Crown Point and Roger K. Claudon, co-counsel, Valparaiso, for defendants/appellants.

1. That portion of the ATSCO Trust agreement providing for the Certificates of Beneficial Interest is as follows:

James L. Sullivan, Valparaiso, for plaintiff/appellee.

STATON, Presiding Judge.

On September 1, 1978, Alfred Schrader (Schrader) executed a document creating the "ATSCO Trust." The beneficiaries of that trust are those individuals holding "Certificates of Beneficial Interest." Russell and Wesley Meyer (the Trustees) are the named trustees for Schrader, who died in 1980.

The Northern Indiana Bank and Trust Company of Valparaiso, Indiana (Estate) is the administrator of Schrader's estate. The Estate seeks to obtain certain real estate contracts held outside the trust document.

The trial court found that the ATSCO Trust was a private trust that failed. An examination of the Trust by the trial court revealed that the identity of the beneficiaries was not reasonably ascertainable. Partial summary judgment was granted in favor of the Estate and a resulting trust was declared to exist.

Both the Trustees and the Estate argue that there are numerous points for us to review; however, we need only address the following two issues:

1) Whether the trial court erred as a matter of law for declaring the trust void for lack of reasonable certainty as to the beneficiaries; and

2) Whether this appeal should be dismissed because the Trustee's brief was untimely filed.

Reversed.

## I

### Beneficiaries

The ATSCO Trust document provides that the beneficial interest can be divided into as many as one hundred (100) units in certificate form. Holders of these certificates are beneficiaries of the trust and entitled to a pro rata share of the corpus upon the termination of the trust.[1] On the

CERTIFICATES OF BENEFICIAL INTEREST
The Beneficial Interest, as convenience for distribution, is divided into One Hundred (100)

day the ATSCO Trust instrument was executed, beneficiaries were selected who would receive Certificates of Beneficial Interest. Some of those certificates were issued the day the trust was created, and others were issued the next day. Two of the holders were identified as the Sorrowful Mother Catholic Church of Wheatfield, Indiana and the Church of the Nazarene of Valparaiso, Indiana.

The Estate's contention is that the ATSCO Trust is defective as a matter of law because the trust instrument itself did not name a beneficiary. It moved for summary judgment on that ground.

The Trustees urge us to determine that the Estate is not entitled to summary judgment as a matter of law. They argue that the identity of the ATSCO Trust beneficiaries is an unresolved issue of material fact. Their argument is that the Certificates of Beneficial Interest provide a means for ascertaining the beneficiaries of the trust, and that the identity of the holders of those certificates and their existence are facts to be resolved at trial.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C). Although this rule helps expose spurious cases and eliminate undue burdens on litigants, courts must apply caution so that a party's right to fair determination of a genuine issue is not jeopardized. Any doubt as to fact, or an inference to be drawn therefrom is to be resolved in favor of the party opposing the motion. *Ashlock v. Norris* (1985), Ind.App., 475 N.E.2d 1167, *trans. den.; Four Winns, Inc. v. Cincinnati Ins. Co., Inc.* (1984), Ind.App., 471 N.E.2d 1187, *trans. den.* In reviewing a summary judgment, the appellate court sits in the same position as the trial court. *Lawson v. Howmet Aluminum Corp.* (1983), Ind.App., 449 N.E.2d 1172.

Our analysis begins by examining the law governing the creation of a trust. The formal requirements are as follows:

Except as required in the applicable probate law for the execution of wills, no formal language is required to create a trust, but its terms must be sufficiently definite so that the trust property, the identity of the trustee, the nature of the trustee's interest, the identity of the beneficiary, the nature of the beneficiary's interest and the purpose of the trust may be ascertained with reasonable certainty.

IC 1972, 30-4-2-1(b) (Burn's Code Ed.).

██ Case law has made it clear that any attempt to create an express trust that omits one or more of the formal requirements would automatically fail. *Pavy v. Peoples Bank & Trust Co.* (1964), 135 Ind. App. 647, 195 N.E.2d 862, *reh. den.* That rule, however, is not a technical trap.

Units, substantially in certificate form. The Certificates of Beneficial Interest are non-assessable, non-taxable (under the provisions of Section 1001 of the Internal Revenue Code), nonnegotiable, and transferable, all or in part, only to a parent of the initial owner (Creator-Grantor) of said Beneficial Certificates, to a brother or a sister of the initial owner of said Beneficial Certificates, to any initial owner of said Beneficial Certificates, to any natural child of any said child, or to the natural born or adoptive descendents of any of the aforesaid owners of said Beneficial Certificates; in the event of transference to any outside entity other than natural persons they must not be transferred further, but may be returned to the Trustees for reissue in a manner pursuant to This Declaration of Trust; in the event there is no surviving person or entity qualified under the terms of this Declaration of Trust to be a beneficiary, the then duly constituted Board of Trustees of This Trust shall distribute the Units of Beneficial Interest in their sole discretion to person(s), charity(ies), organization(s), and/or foundations(s), of their choice; Provided, however, said Board of Trustees of this Trust shall not distribute any of said Units of Beneficial Interest to the Creator-Grantor of This Trust, to the spouse of said Creator-Grantor, to any creditor of said Creator-Grantor, to any creditor of the spouse of said Creator-Grantor, to the estate of said Creator-Grantor, to the estate of the spouse of said Creator-Grantor, to any creditor of the estate of said Creator-Grantor, to any creditor of the estate of the spouse of said Creator-Grantor; and the lawful possessor thereof shall be construed and true and lawful owner thereof. Said Beneficial Certificate entitles the holder thereof to a pro rata share of any distribution of income distributed by the Trustees in their sole discretion, and to a pro rata share of the Trust corpus upon the termination of the Trust.

Trusts shall be construed in a manner so as to implement the intent of the settlor and the purposes of the trust. *Matter of Walz* (1981), Ind.App., 423 N.E.2d 729. If the rules of law and the terms of the trust conflict, the terms of the Trust shall control unless it is a violation of some positive rule of law or against public policy. IC 1972, 30–4–1–3 (Burn's Code Ed.). Finally, we note that in construing trusts in favor of validity, extrinsic evidence is admissible to clarify the terms of a trust or remove ambiguities. Trust Code Study Commission Comment West's AIC 30–4–2–1(b) (Supp.1985).[2]

The record reveals that it is uncontroverted that Schrader was a sophisticated businessman familiar with money matters. He established a trust account at the State Exchange Bank of Culver, Indiana, and funded it with $42,000.00 in cash. Later, he caused payments which were being made to him under three separate contracts for the sale of real estate to be transferred to that trust account. The Estate does not deny that Schrader intended to establish a trust.

The beneficiaries under the ATSCO Trust are those who hold a Certificate of Beneficial Interest. The term "beneficiary" is defined as follows:

"Beneficiary" means any "cestui que trust" or person named or a member of the class designated in the terms of the trust to be any person or class of persons for whose benefit the title to the trust property is held and for whom the trust is to be administered;

West's AIC 1979, 30–4–1–2(3).

■ Here, certificate holders form the class of persons for whose benefit the trust is administered. The issuance of certificates of beneficial interest provides a plain and unambiguous means of identifying intended beneficiaries of the ATSCO Trust. This method we believe is sufficient to satisfy the requirements of IC 30–4–2–1 that

beneficiaries be ascertainable with reasonable certainty.

Our conclusion is bolstered by the Restatement (Second) of Trusts Section 112 (1957), comment a, at 243, which provides that it is sufficient that a beneficiary be capable of ascertainment from facts existing at the time of the creation of the trust. The Restatement squarely addresses the instant issue, and the certificate holders of the ATSCO Trust are an ascertainable class of beneficiaries. Given our statutory preference for valid trusts, we believe that it would be unequitable not to apply the Restatement to the present case.

■ The existence or non-existence of issued certificates is an unresolved issue of material fact. The Trustees have intimated the existence of such certificates in their affidavits filed in opposition to the motion for summary judgment and, since we must resolve all doubts of factual questions in favor of the non-moving party, *Ashlock, supra*, it is possible for us to infer that the trust does not lack specificity as to its beneficiaries.

Thus, this case is not ripe for summary judgment. It is not clear from the record that the moving party, the Estate, is entitled to summary judgment as a matter of law because the factual question regarding the identity of the certificate holders has to be answered at trial.

## II

### Dismissal

The Estate also argues that the Trustees' appeal should be dismissed because their brief was not timely filed. We disagree.

Initially this court granted the Trustees an extension of time to file their brief up to and including June 11, 1985. On June 10th, the Trustees tendered their brief to the clerk along with a motion to file a brief of fifty-one pages.[3] The Trustees next re-

---

**2.** The Trust Code Study Commission Report may be consulted by the courts as a guide to the construction and application of our Trust Code. West's AIC 1979, 30–4–1–7.

**3.** Indiana Rules of Procedure, A.R. 8.2(A)(4)

quested another extension of time to file their brief while awaiting a ruling on their motion. An extension of time was granted until June 21st, and on June 20th the Trustees' request to file a fifty-one page brief was denied. On June 27th the Trustees again petitioned this court for permission to file a forty-nine page version of their brief. This request was granted.

Also on the 27th, the Estate filed a motion to strike the Trustees' brief because on June 21st, the last day of the Trustees extension, their brief had not been filed with the clerk. Both of the Estate's motions were denied.

The Estate argues that Indiana Rules of Procedure, A.R. 8.1(A) does not afford this court any discretion in enforcing its rules, and that the Trustees' brief must be dismissed because technically it was not filed within the time provided by the rule that reads:

> The appellant shall have thirty (30) days after filing the record in which to file his brief. The appellee shall file his brief within thirty (30) days after the filing of the appellant's brief. The appellant shall file his reply brief within fifteen (15) days after the filing of appellee's brief. Failure to file appellant's brief within the time limited herein, or any extension of time granted therefor, *shall subject the appeal to summary dismissal.*

A.R. 8.1(A) (emphasis supplied).

■ It is significant to note the 1981 amendment to A.R.8.1(A). The words, "and if the brief is not filed within that time, the clerk shall enter an order dismissing the appeal, unless a petition for extension of time is on file," have been dropped from the first sentence. In its place, the last sentence of the present rule was added. The change from the omitted language, i.e., "the clerk shall enter an order dismissing the appeal," to the current phraseology, i.e., "shall subject the appeal to summary dismissal," represents a subtle shift in policy. Under the present rule, untimely briefs are merely subject to dismissal rather than automatic dismissal. This difference allows the appellate court to exercise some discretion to excuse technical rule failures and do justice by deciding cases on their merits. No longer do we mandate automatic dismissals for purely technical violations of the rules.[4] Under the facts of the instant case, the Trustees have not committed a flagrant violation of our appellate rules. *See, e.g., Moore v. State* (1981), Ind.App., 428 N.E.2d 806 (appellant failed to file a timely brief even after being granted the opportunity to file an amended brief). Nor have they failed to make a good faith effort to substantially comply with them. *Terpstra v. Farmers and Merchants Bank* (1985), Ind.App., 483 N.E.2d 749, *reh. den.* The Trustees did initially tender a timely brief and they requested an extension of time while a decision regarding their fifty-one page brief was pending. The Chief Judge of our Court was not persuaded by the Estate's arguments in opposition to the Trustees' motion to file their brief six days after the deadline, and the Trustees were allowed to file their brief. We are similarly inclined and will not dismiss the Trustees' appeal so that the merits of the instant case can be reached.

The judgment of the trial court is reversed.

HOFFMAN and GARRARD, JJ., concur.

---

limits the length of briefs to fifty pages unless a party successfully petitions this court for permission to exceed that amount.

**4.** Our interpretation of the rule is fully consistent with *Doe v. Hancock County Board of Health* (1982), Ind., 436 N.E.2d 791, *reh. den.* (Justice Hunter dissenting), where transfer was denied thereby upholding a dismissal of a case under A.R. 8.1(A). Issues arising under the rule are considered on a case-by-case basis and the reviewing court is vested with discretion as to whether or not to dismiss under the rule. In *Doe,* the court chose simply not to act.