John HORN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 52A02–8602–CR–71.

Court of Appeals of Indiana,
Second District.

Feb. 18, 1987.

Charles H. Criss, Peru, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

John Horn appeals his conviction for Robbery, a class B felony.[1]  We affirm.

## DISCUSSION

On appeal Horn raises the following issues:

1) whether the trial court erred in refusing an instruction tendered by Horn;

2) whether an out-of-court statement of a State's witness was properly admitted into evidence; and

3) whether the evidence is sufficient to support the conviction.

### I.

Horn argues the trial court erred in refusing to instruct the jury assisting a criminal, Ind.Code Ann. § 35–44–3–2 (Burns Repl.1985), is a lesser-included offense. Horn acknowledges assisting must be "inherently included" or "factually included" under the charging instrument for the instruction to be proper. *Outlaw v. State* (1985), Ind., 484 N.E.2d 10.

---

1. Ind.Code Ann. § 35–42–5–1 (Burns Repl.1985);   Ind.Code Ann. § 35–41–2–4 (Burns Repl.1985).

■ Assisting a criminal is not an "inherently included" offense of robbery as an aider, etc. Assisting a criminal contains the element of an "intent to hinder the apprehension or punishment" of a person who has committed a crime, whereas robbery as an aider requires aiding, inducing or causing another to commit a robbery.

We reach this conclusion fully cognizant of this court's opinion in *Moore v. State* (1983), Ind.App., 445 N.E.2d 576. However, the authority relied upon in *Moore*, *Smith v. State* (1982), Ind., 429 N.E.2d 956, for the proposition that assisting a criminal is a lesser included offense of the offenses charged in *Moore*, murder and attempted murder, is inappropriate. In *Smith*, the defendant was convicted of murder, robbery and assisting a criminal. In vacating the assisting a criminal conviction, Chief Justice Givan, writing for the court, recognized the assisting crime "was obviously intended to cover the situation where a person did not actively participate in the crime itself, but after the commission of the crime aided the criminal." 429 N.E.2d at 959. Therefore, although there is a discussion of the greater-lesser offense doctrine, it appears the crux of the decision is the distinction in the subject matter of the offenses of murder or attempted murder and assisting a criminal.

This point is made in the later supreme court decision, *Reynolds v. State* (1984), Ind., 460 N.E.2d 506. In *Reynolds*, the defendant was convicted of murder. On appeal, he argued the trial court erred in refusing his instruction that if the jury found him not guilty of murder it must consider whether he had committed the crime of assisting a criminal because it is a lesser included offense. In affirming the trial court a unanimous court said: "It is obvious that one may commit murder without committing the crime of assisting a criminal; hence assisting a criminal is not an 'inherently included' lesser offense of murder." Id. at 510. The *Reynolds* court then examined the charging information to determine whether assisting a criminal was a possibly included offense of murder as charged. We do the same.

■ Assisting a criminal is not a "factually or possibly included" offense of the crime of robbery as charged. The information states:

"... one John Horn did knowingly aid in taking property, to-wit: money from the presence of another person, to-wit: Scott Cover by using or threatening to use force all while armed with a deadly weapon ..."

Record at 7. The allegations in the charging information do not refer to an intent to hinder the apprehension or punishment of a person who has committed a crime, an essential element of assisting a criminal. Accordingly, the trial court properly refused to give the subject instruction tendered by Horn.

## II.

■ Horn next argues the trial court improperly admitted an out-of-court statement of one of the State's witnesses. Even if Horn is correct, any error in the statement's admission is harmless because the witness testified concerning the events contained in his written statement. Hence, the statement is cumulative.

## III.

■ Finally, Horn challenges the sufficiency of the evidence to sustain his conviction. First, Horn contends the State failed to prove Billy Joe Ford, the actual robber, was armed during the commission of the crime. Second, he asserts the testimony of the State's witnesses was so contradictory and incredible as to be inherently improbable. We disagree. At trial the victim testified Ford stuck a knife into his back, cutting his jacket and penetrating his skin. Then, Ford testified Horn told him he knew a gas station where a friend worked which could be easily robbed, called the station to see if the friend was working, traveled with Ford to the station and although he stood in a field near the station while the robbery was in progress, received a share of the "loot." This evidence is sufficient beyond a reasonable doubt to support

Horn's conviction for robbery. Conflicts and contradictions in the State's evidence are for the jury to consider in determining both the witnesses' credibility and the weight to be accorded their testimony.

Judgment affirmed.

BUCHANAN and SULLIVAN, JJ., concur.