## JERRY SUND v. STATE OF INDIANA.

[No. 2-1073A235. Filed December 23, 1974.]

*Loren J. Comstock,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Defendant-appellant Sund was charged with First Degree Arson. Following trial by jury, he was convicted of Fourth Degree Arson and was sentenced to a term of imprisonment for not less than one nor more than five years.

Upon appeal, Sund argues:

(1) That the crime of which he was convicted, Fourth Degree Arson, is not an offense necessarily included within First Degree Arson as defined by IC 35-16-1-1, Ind. Ann. Stat. § 10-301 (Burns 1974 Supp.) nor is it a lesser included offense of First Degree Arson, as the latter crime was specifically charged in this instance; and

(2) That the evidence failed to prove an essential element of Fourth Degree Arson, i.e., the intent to set fire to or burn the property of another.

We affirm.

I

NOTWITHSTANDING ARGUMENT THAT FIRST DEGREE ARSON AS HERE CHARGED DOES NOT PERMIT FOURTH DEGREE ARSON CONVICTION VERDICT AND JUDGMENT WAS PROPER UNDER INSTRUCTION REQUESTED BY DEFENDANT

Sund was specifically charged by affidavit alleging that he:

"on or about the 7th day of August, A.D. 1972, at and in the County of Marion, in the State of Indiana, did then and there feloniously, willfully, and maliciously set fire and burn a certain dwelling house then and there situated at 2135 Prospect, City of Indianapolis, County of Marion, State of Indiana, then and there and thereby the property of another person, to-wit: Ruth Robbins, and did then and there and thereby feloniously, willfully and maliciously burn and destroy said property to the damage thereof in the sum of eight-thousand dollars ($8,000.00)."

The First Degree Arson statute, IC 35-16-1-1, *supra,* reads insofar as pertinent:

"Any person who wilfully and maliciously sets fire to or burns, * * * any dwelling house * * *, such being the property of another * * * shall be guilty of arson in the first degree and; upon conviction thereof, shall be imprisoned in the state prison not less than five [5] years nor more than twenty [20] years * * *."

Fourth Degree Arson is defined in IC 35-16-1-5, Ind. Ann. Stat. § 10-305 (Burns 1974 Supp.) which reads in part as follows:

"Whoever wilfully and maliciously prepares, places, arranges, sets or distributes, * * * any combustible material, * * * liquid or other substance in or about any house, building or other structure, * * * with the intent to set fire to, burn, blow up, or destroy any such property, * * * such property being the property of another; * * * shall be guilty of arson in the fourth degree and shall, upon conviction thereof, be imprisoned in the state prison not less than one [1] year nor more than five [5] years, to which may be added a fine not to exceed five hundred dollars [$500.00]"

Sund cogently argues that Fourth Degree Arson is not a lesser included offense within First Degree Arson as here charged since it is possible to commit First Degree Arson without first having committed an act constituting Fourth Degree Arson and since the affidavit here did not allege that he prepared, placed, arranged, set or distributed a combustible material, liquid or other substance. *See Crump* v. *State* (1972), 259 Ind. 358, 287 N.E.2d 342.

We need not, however, engage in the self-flagellation which would be inherent in an attempt to apply the lesser included offense doctrine to the facts here presented. *See Harrison* v. *State* (1973), 155 Ind. App. 231, 292 N.E.2d 612.[1]

Notwithstanding the academic merit of Sund's argument, the apparent variance between the crime here charged and

1. Although in *Crump* v. *State, supra,* it was held that Attempted Arson as defined by IC 1971, 35-16-1-6, Ind. Ann. Stat. § 10-306 (Burns 1956) is a necessarily lesser included offense of First Degree Arson, the acts constituting Fourth Degree Arson could be considered "Attempted Arson" only in the most loose sense.

Neither is it necessary to consider whether a Fourth Degree Arson conviction is permissible under a charge of First Degree Arson, as here made, pursuant to IC 1971, 35-1-39-1, Ind. Ann. Stat. § 9-1816 (Burns 1974 Supp.) which provides:

"Upon indictment or information [affidavit] for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or information [affidavit], and guilty of any degree inferior thereto or of an attempt to commit the offense."

*But, see Watford* v. *State* (1957), 237 Ind. 10, 143 N.E.2d 405, holding that § 9-1816 is applied only where the offense of lesser degree is necessarily included in the offense of greater degree charged. *See also Harrison* v. *State, supra.*

the crime of which he was convicted is not cause for reversal. Sund specifically invited the very verdict which the jury here rendered. Sund requested and obtained the giving of an instruction to the jury which advised that Fourth Degree Arson was an included offense of First Degree Arson as charged. He may not now be heard to complain that he was convicted of the very offense which he asked to be submitted to the jury as an alternative consideration and we will not set aside the verdict and judgment which he invited. *Stamper* v. *State* (1973), 260 Ind. 211, 294 N.E.2d 609; *Jacoby* v. *State* (1936), 210 Ind. 49, 199 N.E. 563. No doubt defendant would have preferred the lesser penalty provided for Attempted Arson, if not outright acquittal; but the result here obtained would seem eminently more palatable to him than other alternatives which were available to the jury under the First Degree Arson charge and the evidence adduced at trial.

## II

### ELEMENT OF INTENT REQUIRED FOR FOURTH DEGREE ARSON CONVICTION ADEQUATELY SUPPORTED BY EVIDENCE

It is unquestioned that prior to August 7, 1972, Sund was living with his wife and three year old son in a dwelling house owned by Ruth Robbins at 2135 Prospect Street, in Indianapolis. On August 6, Mrs. Sund asked her husband to leave the residence following a domestic altercation. At approximately 10:00 P.M., Sund returned for his clothes and found them in a box on the back porch. He sat on the front porch for several hours and then went to a service station where he purchased a gallon of gasoline. At approximately 4:00 A.M. on August 7, he returned with the gasoline in a two-gallon can. The ground level doors leading to the second floor of the dwelling occupied by Mrs. Sund, the three-old boy, her brother and two sisters, remained locked but Sund entered by climbing the porch and breaking an upstairs living

room window. Sund testified that he did not intend to set fire to the house, but only wanted to frighten his wife into accepting him back. He stated that it was only when his wife's brother threatened him with a knife that he threw the gasoline in self-defense and that the fire ignited by accident.

Notwithstanding Sund's self-serving testimony concerning his subjective intent, there was abundant evidence from which the jury could well find, as it did, that he intended the fire which resulted from his actions. There was testimony that after his forcible entry into the living room, he told his wife that he had put gasoline "all over" and told her not to light a match. He permitted the two sisters of Mrs. Sund to "get out now before it is too late" but prevented Mrs. Sund from leaving. Credible testimony was to the effect that Sund distributed gasoline in the living room, in one of the bedrooms and on the stairway leading to the ground floor exit; and that he ignited fires in the living room and on the stairway with a match or matches and in the bedroom with a match or cigarette lighter.

It has been appropriately noted that intent is a mental function, impossible to prove with absolute certainty and that a determination of intent must be made from a consideration of the conduct of the actor and the natural and usual sequence of events resulting from such conduct. *McIntosh* v. *State* (1970), 254 Ind. 484, 260 N.E.2d 775; *Byassee* v. *State* (1968), 251 Ind. 114, 239 N.E. 2d 586.

The natural and usual sequence of events resulting from acts such as here committed by Sund are the very events which transpired. Sund was therefore properly held to have intended the natural and probable consequences of his act. The element of intent was adequately established by evidence of record.

Judgment affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 320 N.E.2d 790.