**Buddy D. HOLMES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 879S222.

Supreme Court of Indiana.

Jan. 23, 1980.

Harriette Bailey Conn, Public Defender, David P. Freund, and Kurt A. Young, Deputy, Public Defenders, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1979), and sentenced to twenty (20) years imprisonment. The sole issue presented by his direct appeal is whether the sentence imposed upon him is manifestly unreasonable in light of the nature of the offense and the character of the offender.

At the time of his trial, Defendant was charged, in the same Information, with being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979). After the jury returned

its verdict on the burglary charge, the State and Defendant entered into an agreement whereby the State dismissed the habitual offender charge in exchange for Defendant's acceptance of a twenty (20) year term upon the burglary conviction. At the sentencing hearing, the trial court determined that aggravating circumstances justified the imposition of the twenty (20) year term and sentenced Defendant pursuant to his agreement with the State and Ind.Code § 35–50–2–5 (Burns 1979).[1] On appeal, Defendant seeks revision of his sentence under the Rules of Appellate Review of Sentences, asserting that his agreement to the sentence was made under duress and contending that "no reasonable person could find the sentence imposed in this particular case appropriate."

 The Defendant's charge that his agreement to the sentence was made under duress is not, in any way, supported by argument in his brief; and the record is devoid of any basis for such an argument. Error alleged but not disclosed by the record is not a proper subject for review. *State v. Irvin, et al.,* (1973) 259 Ind. 610, 291 N.E.2d 70; *Buchanan v. State,* (1975) 263 Ind. 360, 332 N.E.2d 213; *Schuman v. State,* (1976) 265 Ind. 586, 357 N.E.2d 895.

 We note that in his motion to correct errors, Defendant made no claim that he was coerced but only that he "was induced" to accept the twenty year sentence to avoid prosecution of a habitual offender charge. The offer of a reduced charge or sentence recommendation, where there is a legitimate basis for the greater alternative, is a legitimate bargaining tool of the State. *See Brady v. United States,* (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Lockhart v. State,* (1971) 257 Ind. 349, 274 N.E.2d 523; see also *Bordenkircher v. Hayes,* (1978) 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604; *Howard v. State,* (1978) Ind., 377 N.E.2d 628.

 Ind.Code § 35–4.1–4–7 (Burns 1979) enumerates both mitigating and aggravat-

ing circumstances that the court may consider when making its determination as to the sentence to impose. Subsection (d) thereof provides that the court is not limited to factors listed. Among those circumstances that the court may consider as aggravating is a "history of criminal activity" by the Defendant. Defendant points out that most of the aggravating circumstances relied upon by the trial court related to Defendant's criminal history; and he appears to argue that his criminal history, standing alone, did not justify the sentence imposed upon him.

The record reveals that the trial court did, indeed, consider Defendant's prior felony convictions and his admitted involvement in many other home burglaries. The trial court also determined that Defendant subjected the victim here to "grave personal peril" when he fired shots at him during the burglary. Given these circumstances, and disregarding the binding effect of the sentence agreement, we do not consider that Defendant's sentence is unreasonable.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.

---

1. Ind.Code § 35–50–2–5, in pertinent part, states: "A person who commits a Class B Felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or more than four (4) years subtracted for mitigating circumstances; * * *."