Thomas A. CRAIG, Appellant,

v.

STATE of Indiana, Appellee.

No. 584S194.

Supreme Court of Indiana.

Oct. 28, 1985.

Charles L. Berger, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Robbery, a Class A felony, and Battery, a Class C felony, and was further alleged to be an habitual criminal. At the close of the State's case-in-chief appellant moved to dismiss the Battery charge, claiming that it should be treated as a lesser included offense of the charge of Robbery. The trial court granted his motion. Appellant was convicted of the lesser included charge of Battery on the Robbery count and was also found to be an habitual criminal. He was sentenced to two (2) years on the Battery charge to which was added thirty (30) years for being an habitual criminal.

The facts are: During the late evening hours of August 4, 1983, Kimberly Krohn drove to a store to purchase cigarettes. When she arrived at the store, she parked her car in such a manner that it partially blocked another vehicle. At the request of the passengers of that vehicle, Ms. Krohn drove her car to another parking space.

When Ms. Krohn returned to her car after purchasing cigarettes, she discovered that the vehicle which she had previously partially blocked was now blocking her exit from the parking lot. As Ms. Krohn entered her vehicle, appellant approached and an altercation between them occurred, resulting in appellant striking Ms. Krohn in the face with sufficient force to break her jaw. She also maintained that he took her purse from the seat of the car.

Appellant now claims that since the Robbery charge described Ms. Krohn's injuries as bodily injury rather than serious bodily injury he could not be found guilty of an included offense of Battery, a Class C felony, which requires serious bodily injury. Upon examining the record, it is demonstrated that the original separate charge of Battery did in fact charge serious bodily injury and stated that it was a Class C felony. At the close of the State's evidence, appellant moved to strike this charge on the ground that it was included in the charge of Robbery.

There is no question but that if the original charge of Battery had been allowed to stand, the jury's verdict of guilty of Battery, a Class C felony, would have been completely sustained by the charge and the evidence. If we assume for the sake of argument the trial court erred in sentencing appellant for Battery, a Class C felony, we find that such error was invited by appellant when he stated as his reason for dismissing the separate Battery charge that the same was included in the Robbery charge. He was requesting the procedure that led to his conviction on the charge of Battery, a Class C felony.

Under the above circumstances we find that such error was invited by appellant. As Judge Emmert stated in *Flowers v. State* (1956), 236 Ind. 151, 156, 139 N.E.2d 185, 189, "[w]hen a party agrees to a manner for determining his rights in the trial court, he cannot claim error on appeal because his procedure was adopted." This same principle of law was reiterated by Judge Bobbitt in *Matthews v. State* (1958), 237 Ind. 677, 148 N.E.2d 334.

In the case at bar appellant received the benefit of his motion in that he was found guilty of the lesser included offense of Battery on his charge of Robbery. This was a deliberate tactic on his part to max-

imize his chance of being acquitted on the Robbery charge which in fact happened. If error occurred, it was invited by the appellant and will not be used by this Court as a basis for reversal.

 Appellant next claims the filing of the habitual criminal charge was an act of prosecutorial vindictiveness and that his motion to dismiss based on that assertion should have been sustained. Prior to the filing of the habitual offender charge, the State had offered a plea agreement whereby appellant would plead guilty to Robbery in the case at bar and would also plead guilty to a pending separate rape charge against him. In such event the charge of habitual offender would not be filed. Appellant refused this offer. He now claims the fact that the prosecutor followed through on his threat to file the habitual offender charge demonstrates vindictiveness. We disagree.

It is not improper for a prosecutor to threaten a criminal defendant with a filing of an habitual offender charge to induce a plea of guilty to other offenses. *Holmes v. State* (1980), 272 Ind. 435, 398 N.E.2d 1279. *See also, Bordenkircher v. Hayes* (1978), 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604. There is no error in this regard.

Appellant claims the trial court erred in admitting State's Exhibits 3, 4, 5, 8, 9 and 12 which were documents tendered to establish appellant's status as an habitual criminal. It is appellant's position that the only thing the State needed to establish his habitual criminal status was to show prior convictions. He claims that to show the prior sentences was prejudicial. He is in error in this regard. This Court has held that in order to establish the status of habitual offender, the State must prove that appellant has been twice previously convicted and twice previously sentenced for felonies. *Clark v. State* (1985), Ind., 480 N.E.2d 555. We find no error in the manner in which the evidence of prior felony convictions was admitted.

Appellant claims the trial court erred in admitting evidence at the habitual offender hearing concerning the testimony of Robert Saunders as to his place of employment and his contacts with appellant. Appellant claims such evidence had no probative value and that it necessarily prejudiced him.

Saunders was a probation officer whose testimony was elicited for the purpose of identifying appellant as the same person who was convicted, sentenced and imprisoned under the former charges as alleged in the information. Saunders testified that he was acquainted with appellant and that he prepared presentence investigation reports for two felony cases involving appellant. He testified that he was appellant's probation officer in a third felony case. He also identified appellant in the courtroom as the person of whom he was speaking as to the former convictions. We find no error in the admission of this evidence. *Jackson v. State* (1953), 232 Ind. 453, 112 N.E.2d 433.

The trial court is in all things affirmed.

DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

SHEPARD, J., not participating.