## State of Vermont v. John F. Grenier

[605 A.2d 853]

No. 90-313

Present: **Allen, C.J., Gibson, Dooley and Morse, JJ.**

Opinion Filed February 28, 1992

*William Sorrell,* Chittenden County State's Attorney, Burlington, and *Pamela Hall Johnson,* State's Attorneys and Sheriffs Department, Montpelier, for Plaintiff-Appellee.

*Kenneth Schatz,* Acting Defender General, and *William Nelson,* Appellate Attorney, Montpelier, for Defendant-Appellant.

**Gibson, J.** Defendant John Grenier appeals his conviction for lewd and lascivious conduct, 13 V.S.A. § 2601. He argues that the trial court erred (1) in failing to instruct the jury that lewd and lascivious conduct is a specific-intent crime, (2) in instructing the jury on lewd and lascivious conduct as a lesser-included offense of sexual assault, (3) in allowing testimony that should have been excluded under V.R.E. 404(b), and (4) in failing to strike part of the presentence report after defendant objected to its accuracy under V.R.Cr.P. 32(c)(4). We affirm the conviction, but agree with defendant on his fourth claim of error. We therefore vacate the sentence and remand the case for resentencing.

Defendant was originally charged with two counts of sexual assault, 13 V.S.A. § 3252(a)(1), for allegedly inserting his finger into the vaginas of two women. Defendant went to the home of one of the women late one night after he had been drinking heavily. She was asleep downstairs and, upon being awakened, let defendant in, believing him to be the boyfriend of her baby-sitter, who was in bed upstairs. Defendant went upstairs, where he restrained the babysitter and fondled her, conduct that he later admitted was wrongful. He then returned downstairs, where he fondled the other woman, with whom he had had prior sexual relations. After this second alleged sexual assault, he and the second woman engaged in consensual sexual intercourse. The jury found defendant guilty of one count of lewd and lascivious conduct for his acts against the woman upstairs.

## I.

Defendant first argues that the court erred in failing to instruct the jury that a conviction for lewd and lascivious conduct requires a finding that defendant acted with specific intent to outrage the feelings of the alleged victim, i.e., the intention to achieve a precise harm or result. See *State v. Audette*, 149 Vt. 218, 220, 543 A.2d 1315, 1316 (1988). Section 2601 reads, "A person guilty of open and gross lewdness and lascivious behavior shall be imprisoned not more than five years or fined not more than $300.00, or both." Although § 2601 sets out no specific-intent element, defendant contends that such an element is implicit and must be read into the statute. The court instructed the jury, however, that it was "not necessary for the State to prove that defendant intended the precise harm . . . which occurred" — in other words, the court charged that a conviction could rest on a finding of general wrongful intent.

Upon examination of the record, we conclude that defendant did not preserve the issue of whether lewd and lascivious conduct is a specific-intent crime. Although defendant sought a specific-intent instruction at the charge conference, this request pertained to the sexual assault charges, which are not before us.[1] Because defendant made no argument concern-

---

[1] Defendant asked whether the court's instruction on intent would apply to

ing the requisite mental state for lewd and lascivious conduct either during the conference or when he renewed his motion before the jury retired, we consider only whether the court's instruction was plain error. V.R.Cr.P. 52(b); *State v. Wright*, 154 Vt. 512, 520, 581 A.2d 720, 725–26 (1989).

Defendant relies on *State v. Millard*, 18 Vt. 574, 577 (1846), and *State v. Purvis*, 146 Vt. 441, 443, 505 A.2d 1205, 1207 (1985), which state that the crime of lewd and lascivious conduct is committed by lewd actions that are calculated to excite unchaste feelings and passions and outrage the feelings of the other person. In those cases, however, the issue of whether lewd and lascivious conduct is a specific-intent crime was not before the Court. Further, the language of the two cases does not appear in § 2601, although comparable language is contained in § 2602.[2] If the Legislature had intended to include specific intent, in addition to general intent, as an element of lewd and lascivious conduct, it presumably would have done so. *See State v. Kerr*, 143 Vt. 597, 605, 470 A.2d 670, 674 (1983) (Court will expand plain meaning with greatest caution and will read the element of scienter into a statute only when necessary to make it effective).

■   We have previously considered whether omitting the element of intent from a jury charge on sexual assault on a minor amounted to plain error, and concluded that "[e]ven if intent were an element of the offense, . . . its omission from the information and jury charge would not constitute . . . plain error." *State v. Giroux*, 151 Vt. 361, 365, 561 A.2d 403, 406 (1989). In the present case, we conclude that the omission of an instruction on specific intent was not plain error.

## II.

Defendant next argues that the court committed plain error

---

both offenses charged, but made no further reference to the mental element of lewd and lascivious conduct. The court rejected defendant's contention that *State v. Hurley*, 150 Vt. 165, 171, 552 A.2d 382, 386 (1988), implies that sexual assault is a specific-intent crime.

[2] 13 V.S.A. § 2602 states:

A person who shall wilfully and lewdly commit any lewd or lascivious act upon . . . a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of such person or of such child, shall be imprisoned . . . .

in instructing the jury that lewd and lascivious conduct was a lesser-included offense of sexual assault. Defendant points out. that this Court has previously recognized the improper use of a lesser-included-offense instruction to be plain error, requiring reversal. *State v. Nicasio*, 136 Vt. 162, 164, 385 A.2d 1096, 1098 (1978). In *Nicasio*, the Court held that operation of a motor vehicle without the owner's consent is not a lesser-included offense of grand larceny of an automobile, and entered judgment for the defendant. The Court noted that it was unable to determine from the record whether the defendant had in fact operated the vehicle, but commented that the verdict could not stand even had there been evidence of actual operation.

In the instant case, however, defendant requested the court to charge lewd and lascivious conduct as a lesser-included offense. The State initially objected, and the court refused defendant's request. When the State withdrew its opposition, the court agreed to give the instruction, and defendant expressed his satisfaction with this approach. Under these circumstances, defendant is bound by the tactical decision he made at trial. See *State v. McCarthy*, 156 Vt. 148, 159, 589 A.2d 869, 876 (1991) (Morse, J., dissenting) ("adversarial system of justice favors a neutral court allowing the advocates, within bounds, to try the case before it as they wish"); *Craig v. State*, 484 N.E.2d 566, 567–68 (Ind. 1985) (defendant who won motion to have separately charged felony treated as lesser-included offense to companion charge, and was convicted of the lesser offense, was barred on appeal from complaining that felony was not properly a lesser-included offense).

Defendant thus received the benefit he sought in that he was found guilty of the lesser offense. If error occurred, it was invited by defendant and will not be used by us as a basis for reversal.

### III.

Defendant's third claim of error is that the court erred in allowing a police detective to testify on direct examination that defendant had admitted "what had happened was a problem; that he had had a problem before that he sought counselling for." Defendant argues that this testimony constituted evidence of prior bad acts that should not have been admitted, because

its only purpose was to show that defendant was a man of bad character who had a predisposition to sexual aggression. See V.R.E. 404(b); *State v. Catsam*, 148 Vt. 366, 380, 534 A.2d 184, 193 (1987). The court admitted the testimony, balancing its probative value against its prejudicial effect under V.R.E. 403.

The detective's testimony triggered Rule 404(b) because it tended to undermine defendant's character by its implication of prior bad acts. It was also, however, a virtual admission by defendant that the women did not consent to his advances, a fact that was relevant to proof of the sexual assault charges. Rule 404(b) does not require the exclusion of evidence of bad acts if the evidence is also relevant to another issue, such as knowledge or intent, as long as its probative value is not substantially outweighed by the danger of unfair prejudice. *State v. Bruyette*, 158 Vt. 21, 27, 604 A.2d 1270, 1272–73 (1992). In the instant case, the court decided that the testimony was relevant to the issue of consent and was not unduly prejudicial. We will not disturb its ruling absent an abuse of discretion. *In re S.G.*, 153 Vt. 466, 473, 571 A.2d 677, 681 (1990). We find no such abuse herein, where no details of defendant's prior "problem" were provided, and defendant had stated to the detective that he knew what he had done was wrong.

## IV.

Finally, defendant claims that he is entitled to be resentenced because the court did not follow V.R.Cr.P. 32(c)(4)[3] when it heard defendant's timely motion to strike a portion of the presentence report (PSI). Defendant objected to a statement by the babysitter to a probation official that she had suffered bruises on her thighs and legs as a result of defendant's con-

---

[3] V.R.Cr.P. 32(c)(4) provides in pertinent part:
 When a defendant objects to factual information submitted to the court or otherwise taken into account by the court in connection with sentencing, the court shall not consider such information unless, after hearing, the court makes a specific finding as to each fact objected to that the fact has been shown to be reliable by a preponderance of the evidence, including reliable hearsay. If the court does not find the alleged fact to be reliable, the court shall either make a finding that the allegation is unreliable or make a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.

duct. Defendant offered portions of the victim's deposition and trial testimony, as well as her statement to the police, to show that she had never before complained of any injuries. The State argued that the statement in the PSI was consistent with the victim's testimony that defendant had used force, and asked the court to rely on the report as well as the victim's trial testimony. The State also noted that the victim was present, but would prefer not to testify further. The court denied defendant's motion in the following colloquy:

> Court: I think this is a balanced statement. [The victim] reported to the probation officer that she received bruises. On the other hand, as she defines them, she did not have injuries or need for medical care or counseling. If you want to submit your own version of the defendant's version, I will append that to the [presentence report].

> Counsel: And the court is not going to strike the factual representation . . . ?

> Court: About leaving bruises?

> Counsel: Yes. We're asking you to decide whether or not that's a reliable fact based on all the evidence we now heard.

> Court: That is what she reported to the probation officer. I think the probation officer has balanced her description of any injuries or results of the incident, and I'm not going to change it.

■■ Defendant argues it was error not to strike the victim's statement that she had suffered bruises, because the State did not show and the court did not find that her statement was factually reliable. We agree. Rule 32(c) was amended in 1989 to ensure fair procedures in determining and relying on presentence information. The Rule requires the court to make a specific finding on the reliability of contested facts in the PSI. The court must find by a preponderance of the evidence that a contested fact is reliable or unreliable, or it must indicate that it will not take the contested fact into account during sentencing. In the present case, defendant's evidence challenging the victim's statement was uncontroverted, with the exception of the State's general reference to the victim's trial testimony, which

did not establish that she had been injured. The court's failure either to make a finding as to the reliability of the statement or to indicate that the statement would not be taken into account in sentencing was error.

It is possible that the victim's statement had no effect on the severity of defendant's sentence. Nevertheless, the PSI remains available for use after sentencing by corrections and parole officials, including the parole board whenever it considers releasing an inmate on parole. See 28 V.S.A. §§ 204(d), 501(c). Because of the "manifest unfairness" to a defendant caused by a defective report, strict compliance with Rule 32 is required. See *United States v. Kerr*, 876 F.2d 1440, 1445 (9th Cir. 1989) (construing nearly identical federal rule, Fed. R. Crim. P. 32(c)).

*The conviction is affirmed; the sentence is vacated and the matter remanded for resentencing.*