**STATE of Vermont v. Michael DALY**

[641 A.2d 91]

No. 92-565

December 3, 1993. Defendant appeals his conviction for aiding in a felony sale of marijuana. 13 V.S.A. § 3; 18 V.S.A. § 4230(b)(2). He argues that the trial court erred by (1) denying his motion for judgment of acquittal, (2) giving improper instructions to the jury on the aiding charge, (3) failing to exclude part of a tape recording offered to impeach him, (4) failing to give a limiting instruction on the use of the tape recording, and (5) disregarding presentence report recommendations without adequate findings. We affirm.

Defendant, while visiting a friend, Robin Stengel, became entangled in an undercover drug operation. Unknown to defendant, Stengel was a police informant helping to set up a drug sting in an area known as Earth People's Park. During defendant's visit, undercover officers arrived unannounced at Stengel's home. The officers, equipped with an audio surveillance device, posed as dealers looking for a new source of marijuana. Defendant, a resident of the park, asked for a ride home with the undercover officers and Stengel.

During the ride to the park, defendant interjected himself into a conversation about drugs, asking the officers what they wanted. They replied they wanted quality marijuana, and defendant told them what was likely to be available in the park. When the officers expressed concern about entering the park, defendant offered assurances that they would be safe there. The officers, however, stopped at a sandpit on the outskirts of the park. Defendant left the vehicle, stating "he would go over [to the park] and see what's available and bring it back." Defendant returned with a man named Danelle Ogden, who agreed to sell the officers ten ounces of marijuana. As Ogden walked back to the park to get the marijuana, defendant told the officers he would have brought the marijuana out himself except he was concerned because he had spotted police nearby. Defendant spoke about the good quality of the marijuana, indicating they should have no trouble selling it. Finally, once Ogden consummated the sale, defendant assisted one of the officers in putting the marijuana in their vehicle and told the officers to return the next week because something was always available.

Defendant first argues that the trial court erred in denying his motion for judgment of acquittal because the State did not prove, and the jury could not have reasonably found, that he and Ogden jointly participated in a plan to sell marijuana to the officers. Citing *State v. Miller*, 146 Vt. 164, 175, 502 A.2d 832, 839 (1985), defendant argues that, because there was no evidence about what defendant and Ogden did or said in the park, the jury could not "'conclude beyond a reasonable doubt that a preconceived [criminal] plan existed in which defendant participated.'" *Id.* (quoting *State v. Bissonette*, 145 Vt. 381, 390, 488 A.2d 1231, 1236 (1985)). We disagree. We have defined an aider as one who is at the scene of the crime and "procured or incited or encouraged the act done by the principal." *State v. Orlandi*, 106 Vt. 165, 171, 170 A. 908, 910 (1934). Here defendant volunteered to participate in the criminal venture. He not only "encouraged" the sale, but also took active steps to see that it was consummated and to ensure that the officers would return for more sales. Looking at this evidence in the light most favorable to the State, the jury was justified in finding defendant guilty beyond a reasonable doubt, *State v. Elkins*, 155 Vt. 9, 17–18, 580 A.2d 1200, 1204 (1990), and therefore the court's denial of defendant's motion for acquittal was not error.

Defendant next argues that the court erred by instructing the jury that if defendant's presence at the scene of the crime is by "preconcert with the design to encourage, incite, or if it should become necessary to render assistance, then *even though no particular act is shown*, there is participation." (Emphasis added.) Defendant now asserts that this charge erroneously allowed his conviction based on his mere presence at the scene. Defendant did not object

to the charge at trial and thus failed to preserve the issue for appellate review. V.R.Cr.P. 30; *State v. Roberts*, 154 Vt. 59, 72, 574 A.2d 1248, 1254 (1990). Moreover, defendant's requested jury charge is an almost verbatim copy of the charge actually issued to the jury. Defendant, having "invited" the charge given, may not now attempt to place the trial court in error for accepting it. *State v. Grenier*, 158 Vt. 153, 158, 605 A.2d 853, 856 (1992). Finally, the charge contained language clarifying the exact point defendant raises:

> Mere presence at the scene of the crime is not sufficient to establish participation or aiding unless there is something to show that the person so present in some way has procured or incited or encouraged the act done by the principal perpetrator.

In its totality, the charge was not erroneous.

Defendant next claims that the trial court erred by allowing a tape recording of the drug transaction into evidence to impeach his credibility. Defendant testified at trial, denying that he told the undercover officers he would have brought out the marijuana if he had not seen police near the park and stating that he was so intoxicated during the sale that he could not remember exactly what took place. The State argued that portions of the tape, containing prior inconsistent statements and evidence that his speech was not irregular, should be admitted to impeach defendant. The trial court reviewed the tape in camera, determined the evidence was admissible, and offered defendant the opportunity to play a larger segment of the tape. This offer was refused. Defendant now argues that admission of the impeaching portions was erroneous because the rest of the tape, which he suggests was unintelligible, could not fairly "be considered contemporaneously" with those portions admitted. See V.R.E. 106 (when portion of recording offered, opposing party may demand that other parts be introduced "which ought in fairness to be considered contemporaneously with it").

Tape recorded evidence, however, is admissible unless the recording as a whole is rendered untrustworthy by the unintelligible portions. *United States v. Huff*, 959 F.2d 731, 737 (8th Cir. 1992). Having reviewed the tape recording, we find that it was sufficiently audible to be understood in its entirety. Furthermore, we cannot discern, and defendant does not argue, that anything on the unplayed portion of the tape would have added a context helpful to him. In fact, if the entire tape had been played for the jury, defendant's credibility would have been plunged further into doubt. The court did not abuse its discretion in allowing admission of part of the tape.

Even if the edited tape was admissible under V.R.E. 106, defendant argues that admitting it was unfairly prejudicial under V.R.E. 403. Basically, defendant argues that the jury could construe his statements on the tape as admissions of guilt. Although such statements are undoubtedly prejudicial (as well as probative), defendant does not show that allowing them into evidence was unfair or an abuse of discretion.

Defendant next claims that the court erred by failing to give a limiting instruction that the tape recording should have been considered only for the purpose of impeaching defendant's credibility. Defendant neither requested a limiting instruction nor objected to the instructions given. Our review is limited to plain

error. V.R.Cr.P. 30; *State v. Dion*, 154 Vt. 420, 424, 578 A.2d 101, 103 (1990). We find no such error.

Finally, citing *Grenier*, 158 Vt. at 159–60, 605 A.2d at 857, defendant claims that the court made inadequate findings to support the sentence it imposed. The presentence investigation report (PSI), emphasizing defendant's substance abuse problem, recommended that the sentence be six months to two years. Citing defendant's "extensive" criminal record, his lack of remorse, and his failure to accept responsibility for his actions, the court imposed a sentence of two-to-five years to serve.

*Grenier* does not apply here. That case requires the sentencing court to make findings on contested facts in the PSI. Here, defendant did not contest information in the PSI or any other factual matters; rather he challenges the court's decision not to follow the PSI's recommendation on sentencing. Defendant would prefer that the court had given greater weight to his substance abuse problem and lack of violence in his prior crimes. The trial court could and did look beyond the PSI to defendant's own demeanor at the sentencing hearing and at trial. It appropriately considered defendant's lack of remorse, which it based on defendant's failure to take responsibility for either his current or prior convictions or his substance abuse problems, findings well supported by the evidence. The sentence was within the statutory limits, see 18 V.S.A. § 4230(b)(2) (providing maximum five-year sentence and $100,000 fine for sale of one-half ounce or more of marijuana), and defendant has not shown that the trial court's weighing of sentencing factors constituted an abuse of discretion. See *State v. Chambers*, 144 Vt. 377, 384–85, 477 A.2d 974, 979 (1984) (sentencing is at trial court's discretion and this Court will defer unless an abuse of discretion is shown).

*Affirmed.*