Donald Dennis KEMP, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9406–CR–386.

Court of Appeals of Indiana, Second District.

March 16, 1995.

Transfer Denied May 25, 1995.

**1144**

Patrick R. Ragains, Anderson, for appellant.

Pamela Carter, Atty. Gen., Janet L. Parsanko, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## OPINION

FRIEDLANDER, Judge.

Donald Kemp appeals his conviction of Sexual Battery, a class C felony,[1] arguing that the trial court erroneously instructed the jury.

We affirm.

 The facts favorable to the judgment are that in the early morning hours of December 20, 1992, Kemp went to the home of his ex-wife, D.K. When D.K. answered the door, Kemp pushed his way inside, pulled off D.K.'s clothes and forced D.K. to engage in intercourse and oral sex with him. On April 30, 1993, the State filed an information charging Kemp with rape, a class B felony.[2] At trial, after the evidence was presented, the State tendered a jury instruction erroneously stating that sexual battery is a lesser included offense of rape. The parties discussed the instruction. Defense counsel informed the court that he wanted his client to make the decision of whether to include the instruction. The following colloquy took place between Kemp and defense counsel:

"Q. Sir, state your name for the court please?

A. Donald Dennis Kemp, Jr.

Q. And we're out of the presence of the jury. Am I correct?

A. Yes Sir.

Q. You've been charged with Rape, a Class B Felony. Am I right?

A. Yes Sir.

Q. The State has added or requested lesser included offenses of Sexual Battery as a 'C' felony and a 'D' felony. Am I correct?

A. Yes Sir.

Q. I have told you and discussed with you outside the presence of the jury that I found a case which is *Scrougham vs. State*, (1990) 564 N.E.2d, 542 which provides that ... 'In other words ...' I'm quoting here. 'In other words, sexual battery is not a lesser included offense of rape.' I've told you that the cases say that. Am I right?

A. Yes Sir.

Q. And I told you that I discovered this case only today. Am I correct?

A. Yes Sir.

Q. So I asked you to do what outside the courtroom?

A. Go over the form.

Q. And ...

A. Make a decision.

Q. As to what?

A. Whether those should be allowed or not.

Q. What did I tell you the upshot was if you did ... What did I tell you the various alternatives were? If you had to make a decision, you had to decide between what?

A. A lesser of three (3) evils is what it sounds like to me.

Q. Exactly in other words?

A. Make a decision on whether ... I don't understand what you're saying.

Q. What decision did you just make?

A. To leave them in.

Q. Leave what in?

A. The 'C' and 'D' felony.

Q. The 'C' and 'D' felony. Did I tell you what the 'D' felony could bring in terms of time and jail?

A. Yes Sir.

Q. How much?

A. Six (6) months to three (3) years.

Q. Did I tell you what the 'C' felony could bring you?

---

1 **Ind.**Code 35–42–4–8.

2. IC 35–42–4–1.

A. Yeah, I think it was three (3) to six (6) years.

Q. It was two (2) to eight (8) years.

A. Two (2) to eight (8) years.

Q. Did I tell you what the 'B' felony could bring?

A. Up to twenty (20) years.

Q. And did I tell you that the cases say it's not a lesser included offense and therefore I could theoretically object?

A. Yes Sir.

Q. And are you telling me to object or not to object?

A. Not to object.

Q. Are you sure?

A. No but that's my decision.

Q. That's your decision. Did, in fact, your wife and you talk about it also?

A. Yes Sir.

Q. Okay."

*Record* at 767–772. The court instructed the jury as to rape, a class B felony, and then instructed them regarding sexual battery as follows:

"The term 'included offense' is defined by law as meaning an offense that: is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged; consists of an attempt to commit the offense charged or an offense otherwise included therein; or differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission. The lesser included offense of Sexual Battery is: I.C. 35–42–4–8. A person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person, touches another person when that person is compelled to submit to the touching by force or the imminent threat of force commits sexual battery, a Class D Felony. However, the offense is a Class C Felony if it is committed by using or threatening the use of deadly force.... To convict the defendant, the State must have proved each of the following elements: The defendant knowingly or intentionally, with the intent to arouse or satisfy his own sexual desires or the sexual desires of Denise Kemp touched Denise Kemp when Denise Kemp was compelled to submit to the touching by force or the imminent threat of force.... If you further find beyond a reasonable doubt that the offense was committed by using or threatening the use of deadly force, you should find the defendant guilty of sexual battery, a Class C Felony."

*Record* at 830–832. The jury convicted Kemp of sexual battery, a class C felony, and acquitted Kemp on the charge of rape. The trial court sentenced Kemp to four years imprisonment. Kemp appeals and presents the following issue:

Did the trial court err when it tendered jury instructions erroneously stating that sexual battery is a lesser included offense of rape?

Kemp asserts he was deprived of his right to due process because the judge instructed the jury on sexual battery when he was only charged with rape. Both parties agree that sexual battery is not, as a matter of law, a lesser included offense of rape. Kemp, however, ignores the fact that he expressly agreed to the instruction at trial. Kemp invited the error of which he complains.

In *Sund v. State* (1974), 162 Ind.App. 550, 320 N.E.2d 790, the defendant was charged with first degree arson. The defendant requested and the court allowed a jury instruction stating that fourth degree arson was a lesser included offense of first degree arson. The jury convicted the defendant of fourth degree arson and the defendant appealed, claiming a variance between the crime charged and the crime for which he was convicted. The court affirmed the conviction based on the doctrine of invited error, stating: "[The defendant] may not now be heard to complain that he was convicted of the very offense which he asked to be submitted to the jury as an alternative consideration and we will not set aside the verdict and judgment which he invited." *Id.* 320 N.E.2d at 792. Similarly, in *Craig v. State* (1985), Ind., 484 N.E.2d 566, the defendant moved to dismiss a battery charge, arguing that it should

be treated as a lesser included offense of robbery, with which he had also been charged. After the defendant was acquitted on the robbery charge but convicted of battery, the defendant attempted to argue that the battery was not in fact a lesser included offense. The court noted that the defendant's motion to dismiss was a deliberate tactic to maximize his chance of being acquitted on the robbery charge. The *Craig* court held that a party who agrees to a method of determining his rights at trial cannot claim error on appeal because his method was adopted.

In the present case, the record shows that Kemp knew that sexual battery was not a lesser included offense of rape. Kemp discussed the instruction with his wife and defense counsel. Kemp weighed the options, stating in the record that he was choosing between the "lesser of three ... evils". [sic]. *Record* at 771. Kemp ultimately agreed to the instruction. Kemp may not agree to a certain procedure and then seek reversal based on that procedure. *Id.*

 Although Kemp concedes he agreed to the instructions, he argues that it was fundamental error for the court to include them. A fundamental error is an error which is a substantial blatant violation of basic principles, rendering the trial unfair. *Townsend v. State* (1994), Ind., 632 N.E.2d 727. The appellant bears the burden of proving that the error occurred, and that the error was fundamental. *Id.* The element of harm is not shown by the fact that the defendant was convicted. Rather, we examine whether the defendant's right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which the defendant otherwise would have been entitled. *Id.* Our task in determining whether the trial was unfair is to inspect all that occurred and decide whether the error had substantial influence upon the verdict. *Id.*

Kemp fails to specify how the giving of the instructions harmed him. Kemp agreed to the instruction with the belief that the jury would acquit him on the rape charge when it considered the less serious offense of sexual battery. If Kemp had believed that the instruction was harmful he would have objected to it. Kemp's right to a fair trial was not injured.

Judgment affirmed.

BAKER, J., concurs.

SULLIVAN, J., concurs in result with separate opinion.

SULLIVAN, Judge, concurring in result.

The doctrine of "invited error" is not a necessary basis for affirmance. A more appropriate rationale is that the court correctly instructed the jury upon sexual battery as a lesser included offense.

The case which prompted the colloquy between defense counsel and Kemp and which led to Kemp's request to not object to the sexual battery instruction is *Scrougham v. State* (1991) 4th Dist.Ind.App., 564 N.E.2d 542. That case erroneously observed that Indiana double jeopardy considerations are identical to those present under federal constitutional analysis. This approach would appear to begin and end with application of the test established in *Blockburger v. United States* (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, as adopted in Indiana. In this state, however, we also look to the offense as charged for additional double jeopardy guidance, and as well, to whether the two offenses under consideration are in reality but a single act. *See Stwalley v. State* (1989) Ind., 534 N.E.2d 229. Indiana double jeopardy analysis is therefore not identical to the federal analysis. See *Rosalie Berger Levinson, State and Federal Constitutional Law Developments,* 27 IND.L.REV. 887, 888 (1994).

As noted in *Griffin v. State* (1991) 2d Dist.Ind.App., 583 N.E.2d 191, *Scrougham, supra,* was impliedly overruled by *Watkins v. State* (1991) Ind., 575 N.E.2d 624, relying upon *Bowling v. State* (1990) Ind., 560 N.E.2d 658.

The sexual battery covered by the instruction was an included offense in the rape charged. The instruction was proper.