**STATE of Vermont v. Tyron ROY**

[738 A.2d 581]

No. 98-162

July 13, 1999. Defendant Tyron Roy appeals from a sentence of fourteen to fifteen years imposed by the Chittenden District Court on a conviction for voluntary manslaughter. Defendant claims the State's sentencing argument violated the plea agreement. Defendant also appeals the court's acceptance of contested facts in the presentence investigation report (PSI) and the court's findings and conclusions about defendant's prior cutting of the victim. We affirm.

Defendant was initially charged with first degree murder under 13 V.S.A. § 2301. By agreement, defendant pleaded guilty to an amended charge of voluntary manslaughter under 13 V.S.A. § 2304. At the change of plea, defendant stipulated that the police affidavit on file provided a factual basis for the plea. The affidavit indicated that the victim, Bradley Morris, had assaulted defendant but was passed out "in bed" when defendant crawled over the victim's female companion and stabbed the victim.

On appeal, defendant contends that the State violated the plea agreement by arguing at sentencing that the victim was "defenseless and unsuspecting" in bed when defendant stabbed him. Defendant argues that such a scenario is factually analogous to the charge of murder and therefore inconsistent with the amended charge of manslaughter. The State counters that it reduced the charge from murder to voluntary manslaughter on the theory that defendant had not "cooled off" after the victim had assaulted him. Thus, the State maintains that, even though the victim was defenseless and unsuspecting, defendant nonetheless stabbed him in the heat of passion.

Defendant argues that the State's implication that the victim was asleep when he was killed suggests a substantial passage of time between the victim's assault on defendant and defendant's stabbing of the victim. Indeed, voluntary manslaughter is a time-sensitive doctrine that applies only where an adequately provoked individual strikes before having an opportunity to cool off. See *State v. Turgeon*, 165 Vt. 28, 33, 676 A.2d 339, 342 (1996). That the victim in this instance may have fallen asleep does not necessarily signify the passage of a substantial amount of time. Evidence presented at the change of plea hearing demonstrated that the victim was very intoxicated and had been passing out during the evening. We further note that the State did not maintain defendant had cooled off.

We conclude that defendant fails to establish the State's argument at sentencing went beyond the bounds of a voluntary manslaughter charge. Voluntary "[m]anslaughter is the unlawful killing of another, without malice . . . as when the act is committed with a real design and purpose to kill, but through the violence of sudden passion occasioned by some great provocation." *State v. McDonnell*, 32 Vt. 491, 545 (1860) (emphasis omitted), overruled on other grounds by *State v. Burpee*, 65 Vt. 1, 25 A. 964 (1892). Voluntary manslaughter does not preclude the possibility of a defenseless victim. Rather, it recognizes that a defendant does not have the requisite mental state to be charged with murder. "The element that distinguishes murder from manslaughter is the presence or absence of malice." *State v. Shaw*, 168 Vt. 412, 415, 721 A.2d 486, 490 (1998). The State's limited comments at sentencing concerning the "defenseless and unsuspecting" victim do not amount to an argument that the defendant committed a premeditated murder.

Defendant also contends that the sentencing judge failed to satisfy the require-

ments of V.R.Cr.P. 32(c)(4) by failing to make specific findings on the reliability of contested facts in the PSI. At issue were statements in the PSI attributed to Delma Reed, Carol Early, and Alicia Roy. Under the rule, "[t]he court must find by a preponderance of the evidence that a contested fact is reliable or unreliable, or it must indicate that it will not take the contested fact into account during sentencing." *State v. Grenier,* 158 Vt. 153, 159, 605 A.2d 853, 857 (1992). The State argues that defendant failed to preserve the objection. We agree.

Defendant made no express objection to the statements offered. With reference to the contested statements, defense counsel simply admonished the court that there are two sides to every story. "[A]s far I'm concerned, the court is free to consider the comments attributed to Ms. Reed and Ms. Early and Alicia. I just wanted the court in considering those, to understand that there is another side to the story." This observation does not rise to the level of an objection sufficient to trigger the requirements of V.R.Cr.P. 32(c)(4). Moreover, V.R.Cr.P. 32(c)(4) states that "[a]ny objection to facts contained in the presentence investigation report shall be submitted, in writing, to the court at least three days prior to the sentencing hearing, unless good cause is shown for later objection." Defense counsel failed to utilize this procedural avenue. The notice provision is designed to allow the State sufficient time to prepare affidavits, subpoena witnesses, or otherwise demonstrate the reliability of the alleged fact. Reporter's Notes to 1989 Amendment V.R.Cr.P. 32.

As for the contested fact that the victim was lying in bed at the time the stabbing occurred, the sentencing judge had previously ruled on the reliability of the testimony provided by the victim's female companion concerning that fact. As noted above, in acknowledging the factual basis for his plea of guilty to voluntary man-

slaughter defendant stipulated to an officer's probable cause affidavit that included this supposedly contested fact.

Finally, defendant contests the district court's finding concerning defendant's prior assault of the victim. Although the evidence showed that defendant cut the victim along the jaw line, the sentencing judge found that "Mr. Roy slit Brad's *throat* from behind in a very calculated, methodical way." (Emphasis added.) The difference is not material for the purposes of sentencing because the location of the wound inflicted in the knife cutting incident was not as significant to the court as the actual act itself. As the judge noted, the incident illustrates that the defendant and victim's relationship was "characterized by drunkenness and violence and domination of Brad by Mr. Roy." Therefore, the court's mischaracterization of the location of the cut does not warrant resentencing.

*Affirmed.*