## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2018, 10:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David Becsey
Zeigler Cohen & Koch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cody Carpenter,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 20, 2018<br><br>Court of Appeals Case No.<br>49A05-1710-CR-2452<br><br>Appeal from the Marion Superior Court<br><br>The Honorable James K. Snyder, Commissioner<br><br>Trial Court Cause No.<br>49G20-1608-F5-32986 |

**Crone, Judge.**

# Case Summary

Cody Carpenter appeals his convictions for level 5 felony carrying a handgun without a license, class A misdemeanor driving while suspended, and class B misdemeanor possession of marijuana. He asserts that his constitutional and statutory rights to be present at all stages of his criminal trial were violated by the trial court's manner of instructing the jury. Concluding that Carpenter invited any error, we affirm.

# Facts and Procedural History

In August 2016, Carpenter was driving his girlfriend's vehicle. A police officer observed that one of the vehicle's headlights was out and initiated a traffic stop. As the officer approached the driver's side of the vehicle, he smelled marijuana emanating from the open window. The officer asked Carpenter for his license and vehicle registration, and Carpenter gave him a credit card and the title to the vehicle. The officer determined that Carpenter's license had been suspended and arrested him. While conducting a search incident to arrest, the officer discovered a baggie containing marijuana in Carpenter's pocket.

Because the vehicle was stopped on a road with no shoulder and no other driver was available to remove the vehicle, the police concluded that it needed to be towed and conducted an inventory search prior to towing. In the front center console, the police discovered a black box containing fourteen hydromorphone pills, a schedule II substance, and 0.13 grams of marijuana. On the floor

behind the passenger seat, the police found a case that contained a handgun and two magazines.

[4]     The State charged Carpenter with Count 1, class A misdemeanor carrying a handgun without a license; Count 2, level 5 felony possession of a narcotic drug; Count 3, class A misdemeanor driving while suspended; and Count 4, class B misdemeanor possession of marijuana. In addition, the State charged Carpenter in part 2 of Count 1 with level 5 felony carrying a handgun without a license with a previous conviction.

[5]     In August 2017, a jury trial was held. Phase 1 of the trial excluded the charge in part 2 of Count 1. After the jury reached a verdict in phase 1, but before the verdict was announced, the trial court made the following statement for the record:

> [D]uring the time they were deliberating the jurors had a question specifically towards whether or not they were required to find a guilty verdict as to one charge if they found the [sic] guilty on the other. So, the court did a little bit of research on its own and found a pattern instruction exactly on point. And that instruction read, in this case the defendant is charged with four (4) counts of criminal offenses although[] all of the counts are contained within one charging document. You are to consider the law and the evidence as it may apply to each count individually and separately from the other counts. *Upon contacting counsel from both sides, the parties agreed that that instruction should be given to the jury so, I added that as Final Instruction #25* and specifically that is Indiana Pattern Criminal Instruction #13.4300.

Tr. Vol. 2 at 124-25 (emphasis added).  Defense counsel did not disagree with or object to the trial court's statement.

[6] The jury found Carpenter not guilty on Count 2 and guilty on Counts 1, 3, and 4.  Carpenter waived his right to a jury trial for part 2 of Count 1 and stipulated to the underlying basis for that charge.  The trial court found Carpenter guilty of level 5 felony carrying a handgun without a license.  The trial court sentenced Carpenter to an aggregate term of three years, with one year executed in community corrections and two years suspended to probation.  This appeal ensued.

## Discussion and Decision

[7] Carpenter argues that his constitutional and statutory rights to be present at all stages of his criminal trial were violated by the trial court's manner of communicating Final Instruction #25 with the jury during its deliberations. The trial court's statement indicates that before it gave Final Instruction #25 to the jury, it consulted with Carpenter's counsel regarding the instruction and his counsel agreed that the trial court should give the instruction to the jury.[1] Therefore to the extent any error occurred, the error was invited.  "Under the doctrine of invited error, a party may not take advantage of an error that she

---

[1] We disagree with Carpenter's argument that the "transcript does not clearly establish that the trial court did indeed contact the attorneys before responding to the jury request."  Appellant's Br. at 8.  Although the trial court made clear that it consulted with the attorneys for both parties before it gave Final Instruction #25, the record does not reveal the nature and manner of the jury's communication to the trial court or whether the trial court reread the entire jury instructions to the jury.  The appropriate procedure for the trial court would have been to make a record as to these matters as well.

commits, invites, or which is the natural consequence of her own neglect or misconduct." *Hill v. State*, 51 N.E.3d 446, 451 (Ind. Ct. App. 2016) (citing *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005)); *see also Kemp v. State*, 647 N.E.2d 1143, 1145-46 (concluding that Kemp invited instructional error by expressly agreeing to instruction and was precluded from seeking reversal based on a procedure that he agreed to), *trans. denied*. Accordingly, we affirm Carpenter's convictions.

[8] Affirmed.

Bailey, J., and Brown, J., concur.